CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 22 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL F. CARTER, III, | ) | Civil Action No. 7:11-cv-00401 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| DIRECTOR, VDOC, | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Joel F. Carter, III, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction and sentence in the Boutetourt County Circuit Court. The court finds that Carter's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On September 9, 2008, the Boutetourt County Circuit Court entered judgment against Carter, convicting him of animate object sexual penetration, and sentencing him to a total term of 30 years incarceration with 11 years suspended. Carter did not appeal. However, Carter filed a habeas petition in the Boutetourt County Circuit Court on December 17, 2009,[1] which the court dismissed on April 22, 2010. Carter appealed to the Supreme Court of Virginia, which refused his appeal on November 30, 2010. Carter then filed a petition for rehearing, which the Supreme Court of Virginia denied on March 10, 2011. Carter filed his federal habeas petition in this court on August 23, 2011. The court conditionally filed his petition, advised him that the petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] In this case,

---

[1] According to state court records, Carter filed this habeas petition on March 4, 2010; however Carter argues that he submitted it, by hand, to the court on December 17, 2009. In an abundance of caution, the court will assume, without finding, that his date is correct. Regardless of which date is used, his petition is nevertheless untimely.

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

the statute of limitations began to run on October 9, 2008, when Carter's conviction became final. Carter did not meet this October 9, 2009 deadline; in fact, by that date, Carter had yet to file his state habeas petition.[3] Accordingly, Carter's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[4]

Despite being given the opportunity to amend his petition, Carter makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Carter has not demonstrated any grounds for equitable tolling and thus, his petition is dismissed as untimely filed.

### III.

For the reasons stated, the court dismisses Carter's petition as untimely.

ENTER: This 22nd day of September, 2011.

/s/ Michael F. Urbanski
United States District Judge

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Carter has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Carter's conviction became final on October 9, 2008, when his time to file a direct appeal expired.

[3] Carter's one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Carter no tolling under § 2244(d)(2).

[4] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).